IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Peter Matsukis, | ) |
|     Appellant, | ) |
| v. | ) No. 20-cv-523 |
| Cellmark Inc., | ) |
|     Appellee. | ) |

<u>Memorandum Opinion and Order</u>

Debtor Peter Matsukis appeals from a January 8, 2020 oral ruling in the Bankruptcy Court for the Northern District of Illinois, which denied Mr. Matsukis's motions to alter or amend (1) an order reviving judgment against Mr. Matsukis and (2) an order denying discovery. For the reasons that follow, the decision of the Bankruptcy Court is affirmed.

I.

On July 15, 2002, the Circuit Court of Cook County, Illinois entered a judgment in favor of Fiber Corporation of America, Inc. ("Fiber Corp.") and against Integrated Material Management Services Inc. ("IMMS"). Mr. Matsukis was the sole owner of IMMS. On June 10, 2004, Mr. Matsukis filed for bankruptcy under Chapter 7 in the U.S. Bankruptcy Court for the Northern District of

Illinois. Fiber Corp. initiated an adversary proceeding against Mr. Matsukis, Case No. 04-ap-3468, and on June 26, 2007, the bankruptcy court entered judgment in favor of Fiber Corp. and against Mr. Matsukis in the amount of $731,118 based on the judgment against IMMS in state court.

In November 2007, Appellee Cellmark Inc. ("Cellmark") allegedly purchased the assets of Fiber Corp. In connection with that purchase, Fiber Corp. purportedly assigned to Cellmark both the state court judgment against IMMS and the bankruptcy court judgment against Mr. Matsukis.

Years later, in early 2019, Cellmark moved to revive the June 2007 judgment in the bankruptcy case. Mr. Matsukis opposed the motion on the grounds that Cellmark had not shown that the assignment of the bankruptcy judgment from Fiber Corp. to Cellmark was legitimate. He submitted an affidavit from a forensic document analyst, Erich J. Speckin, who opined that the signatures on the two November 2007 assignments, though purportedly both executed by Alfred Prins of Fiber Corp., "were probably not signed by the same individual." Bankr. Dkt. 143-1 at 75 ¶ 8. Mr. Matsukis also filed a motion for leave to subpoena Cellmark to collect the original assignments (for expert examination) along with various financial records and documents related to Cellmark's purchase of assets from Fiber Corp. *See* Bankr. Dkts. 145, 145-1 at 124-27. Cellmark, for its part, submitted an affidavit from Mr. Prins in which he

swore that he signed both assignments and that he had authority to do so. *See* Bankr. Dkt. 151 at 15-16. On September 12, 2019, the bankruptcy court denied the motion for leave to take discovery, Bankr. Dkt. 165, and granted Cellmark's motion to reaffirm judgment, Bankr. Dkt. 168.

On September 23, 2019, Mr. Matsukis filed a motion to reconsider or amend the court's order granting the motion to revive judgment. Bankr. Dkt. 171. He argued, in relevant part, that the bankruptcy court had erred by failing to order production of the original assignment documents under the best evidence rule, Fed. R. Evid. 1002. *Id.* On the same day, Mr. Matsukis also filed a motion to reconsider or amend the bankruptcy court's order denying his motion for leave to conduct discovery. Bankr. Dkt. 174.

With both motions to reconsider or amend pending, the parties appeared before Bankruptcy Judge Janet Baer on December 4, 2019. *See* ECF No. 35 at 19. Judge Baer ordered Cellmark to produce the original assignment documents so that they could be reviewed by Mr. Matsukis's expert, Mr. Speckin, but made clear that there would be no destructive testing permitted. In accordance with that order, the parties reconvened on January 8, 2020. *See id.* at 33. Mr. Speckin examined the assignment documents in Judge Baer's courtroom, and determined that the assignment of the bankruptcy judgment included a wet signature. Mr. Speckin, however, indicated that he wanted to do an ink test, which would involve making a

3

small pinprick in the document to obtain a sample of the ink used, for the purpose of determining the approximate date the document was signed. Mr. Matsukis argues on appeal that the date of signature is relevant because if the assignment was executed after Fiber Corp. was dissolved, it would not have legal effect. *See id.* at 15.

Judge Baer declined to allow the ink testing. She noted that she had been clear at the December 4 conference that destructive testing would not be allowed. Moreover, Mr. Matsukis had objected to revival of the judgment based on the best evidence rule, which had been satisfied given Cellmark's production of the original documents, and not based on any purported need for ink testing. Given the affidavit from Mr. Prins and the confirmed wet signature on the assignment, Judge Baer determined that a valid assignment had taken place and no additional testing would be needed. Accordingly, Judge Baer denied the motions to reconsider or amend both the court's order reviving judgment and the court's order denying discovery. *See* Bankr. Dkts. 189, 190.

Mr. Matsukis now appeals the January 8, 2020 oral order. He argues that the bankruptcy court erred (1) in denying Mr. Matsukis's request to test the ink signature on the assignment of the bankruptcy judgment, and (2) in denying Mr. Matsukis discovery into the issue of assignment.

4

II.

I review "a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*." *In re Miss. Valley Livestock, Inc.*, 745 F.3d 299, 302 (7th Cir. 2014). Evidentiary and discovery rulings are reviewed for abuse of discretion. *See In re Salem*, 465 F.3d 767, 778-79 (7th Cir. 2006).

III.

As a preliminary matter, I turn to a motion to strike [41] filed by Cellmark. Along with its opening brief, Mr. Matsukis submitted an affidavit from its expert, Mr. Speckin, which Mr. Matsukis argues is necessary to "clarify" Mr. Speckin's opinions regarding the two assignment documents because "Mr. Speckin did not get the opportunity to testify in court." ECF No. 45 at 4. The affidavit was not submitted to the bankruptcy court in connection with the proceedings at issue, nor was it designated part of the record on appeal.[1] Because it was not part of the record below, Cellmark moves to strike the affidavit.

The motion to strike is granted. "Generally, a district court acting as an appellate court in reviewing a bankruptcy case decision may consider only the evidence that was presented before the bankruptcy court and made a part of the record." *In re Home*

---

[1] Indeed, Mr. Matsukis recently filed a motion in the bankruptcy court to amend the designation of the record on appeal to include the affidavit, Bankr. Dkt. 215, but that motion was denied, Bankr. Dkt. 218.

5

*Comp Care, Inc.*, 221 B.R. 202, 205 n.1 (N.D. Ill. 1998); *see also, e.g.*, *In re Peace*, 581 B.R. 856, 861-62 (B.A.P. 6th Cir. 2018) (granting motion to strike affidavit not filed in bankruptcy court); *In re Nelson*, 357 B.R. 508, 511 (B.A.P. 8th Cir. 2006) (same). "Otherwise, the appellate court exceeds its role as a reviewer of the proceedings below." *In re Nelson*, 357 B.R. at 511. Because the affidavit at issue was not part of the record in the bankruptcy proceeding, I decline to consider it for purposes of this appeal.[2]

### IV.

Turning to the merits, Mr. Matsukis argues first that the bankruptcy court erred by denying his request to perform ink testing on the original assignment document. He contends principally that the ink test evidence was relevant and admissible under Federal Rules of Evidence 401 and 702, and the bankruptcy court violated those evidentiary rules by excluding it.

Cellmark counters that Mr. Matsukis's evidentiary arguments are waived because they were not raised before Judge Baer below. I agree. There is no mention of ink testing in any of Mr.

---

[2] Mr. Matsukis argues that I lack jurisdiction to consider Cellmark's motion to strike because Bankruptcy "Rule 8009(e)(1) requires that a party's motion to strike an item that has been improperly designated as part of the record on appeal be submitted to the bankruptcy court." ECF No. 45 at 4. But because the affidavit here was never designated part of the record on appeal, Rule 8009(e)(1) is inapplicable.

6

Matsukis's filings before the bankruptcy court. Although Mr. Matsukis requested ink testing at both the December 4, 2019 and January 8, 2020 hearings, Mr. Matsukis's attorney never mentioned Rule 401 or Rule 702, nor were expert qualifications or the particular relevance of the ink testing discussed in any detail. Rather, because Mr. Matsukis had objected on the basis of the best evidence rule, it was that issue that Judge Baer was focused on. "Arguments not raised [or] arguments raised in a conclusory or underdeveloped manner" are waived on appeal. *In Re SLM Trans, Inc.*, No. 09-cv-0892-MJR, 2010 WL 2136875, at *4 (S.D. Ill. May 27, 2010) (citing *Pond v. Michelin N. Am., Inc.*, 183 F.3d 592, 597 (7th Cir. 1999)). Because Mr. Matsukis's evidentiary arguments regarding the ink testing were raised, if at all, in only a conclusory or underdeveloped manner before the bankruptcy judge, those arguments are waived on appeal.

Even if Mr. Matsukis had properly raised his evidentiary arguments below, however, he would fare no better. Judges have "great discretion over the admission of expert testimony," *Matter of Sheridan*, 57 F.3d 627, 634 (7th Cir. 1995), and their decisions are reviewed only for abuse of discretion, *In re Salem*, 465 F.3d at 778-79. "[T]he abuse of discretion standard requires the challenging party to show that no 'reasonable person would have agreed with the [lower] court['s ruling].'" *Matter of Sheridan*, 57 F.3d at 635.

7

Mr. Matsukis argues that the ink test evidence was admissible under Evidence Rules 401 and 702, but he does not establish that exclusion of the evidence was unreasonable, particularly given the other evidence in the record, such as the affidavit of Mr. Prins, that tended to show the validity of the assignments. "An appellate reversal of a decision to limit an expert's testimony requires more than bare arguments that the expert is qualified and his testimony would be relevant." *Id.* Because he does not show abuse of discretion, even if the issue were not waived, I would decline to disturb Judge Baer's ruling.

V.

Mr. Matsukis also challenges the bankruptcy court's decision to deny him discovery into the issue of assignment. "Courts have broad discretion in matters that relate to discovery." *In re Mosher*, No. 06-B-71261, 2009 WL 412692, at *2 (Bankr. N.D. Ill. Feb. 11, 2009) (citing *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). "Because discovery orders are reviewed for abuse of discretion, reversal is relatively rare." *In re S.N.A. Nut Co.*, No. 95 C 3999, 1996 WL 31155, at *4 (N.D. Ill. Jan. 24, 1996). Reversal is not appropriate "absent a clear showing that the denial of discovery resulted in actual and substantial prejudice to the complaining litigant." *In re Peachtree Lane Assocs., Ltd.*, 206 B.R. 913, 926 (N.D. Ill. 1997),

*aff'd sub nom. Matter of Peachtree Lane Assocs., Ltd.*, 150 F.3d 788 (7th Cir. 1998).

Mr. Matsukis does not do enough to demonstrate an abuse of discretion here. In addition to the original copies of the assignments, which Judge Baer did order produced, Mr. Matsukis sought expansive discovery from Cellmark, including copies of Cellmark's income tax returns, all correspondence regarding the assignments, all books and records pertaining to Cellmark's purchase of assets from Fiber Corp., and all financial statements reflecting Cellmark's corporate assets over a two-year period. Bankr. Dkt. 145-1 at 127. "A court may limit discovery if it determines that the burden of the discovery outweighs its likely benefit." *In re Mosher*, 2009 WL 412692, at *2. Given that both Cellmark and Fiber Corp. agreed that Fiber Corp. had assigned the judgment to Cellmark, and that Fiber Corp.'s signing officer had submitted an affidavit swearing that the assignment was legitimate, I cannot conclude that it was unreasonable for Judge Baer to limit the discovery Mr. Matsukis received on the issue.

For the foregoing reasons, the decision of the bankruptcy court is affirmed.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: March 29, 2021